IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                 :
                                       :
    C & A, S.E.,                       :      CASE NO. 05-05297 (GAC)
                                       :
    Debtor                             :      CHAPTER 11
_____:
                                       :
    C & A, S.E.,                       :
                                       :
    Plaintiff                          :
                                       :
       v.                           :      ADV. NO. 05-00149
                                       :
    PUERTO RICO SOLID WASTE            :
    MANAGEMENT AUTHORITY,              :
                                       :
    Defendant                          :
_____:

**DECISION AND ORDER**

I. <u>Procedural Background</u>

This adversary proceeding arises out of an arbitration proceeding between Puerto Rico Solid Waste Management Authority ("ADS") and C&A, S.E., ("C&A") for breach of contract. The controversy pending before this Court is C&A's removal of the action to vacate the arbitration award (Docket #1) and ADS' Motion to Remand and/or Abstain (Docket #6).

In June of 2001, C&A commenced an arbitration proceeding against ADS. On February 17, 2005, a panel of arbiters issued an arbitration award in favor of ADS. On April 22, 2005, ADS filed an action in the Superior Court of Puerto Rico, San Juan Section to

confirm the award, Civil No. KAC05-2968 and on May 12, 2005, C&A filed an action to vacate the award, Civil No. KAC05-3546.

After C&A filed the action to vacate the arbitration award, it filed a voluntary petition under Chapter 11 on June 9, 2005. The civil actions were automatically stayed pursuant to 11 U.S.C § 362. On July 22, 2005, ADS filed a motion for relief from the automatic stay (Docket #16, legal case), seeking an order from the Court to modify the automatic stay in order to allow the proceeding seeking confirmation of the arbitration award between ADS and C&A to continue in the local court. C&A filed an opposition to the motion for relief from stay on August 2, 2005 (Docket #21, legal case).

On June 21, 2005, C&A filed the instant adversary proceeding against ADS removing the local court proceeding to vacate the award to the bankruptcy court (Docket #1). On July 20, 2005, ADS filed a Motion to Remand and/or Abstain (Docket #6). C&A filed a Motion in Opposition to Remand and/or Abstain on August 1, 2005 (Docket #9).

On August 8, 2005, ADS filed a Reply to the Opposition (Docket #11). Later, C&A file a Motion for Leave to File Sur-reply and on September 1, 2005 it filed the Sur-reply to Reply to Opposition (Dockets #14 and #15). ADS filed an Opposition to Debtor's Request for Leave to Sur-reply (Docket #17) and then filed a Reply to Opposition to Motion to Remand and/or Abstain (Docket #30).

The Court held a hearing on the matter on February 28, 2006 and took the matter under advisement.

II. Argument of the Parties

A. C&A

C&A filed the instant adversary proceeding to remove the proceeding filed by it in the Superior Court of Puerto Rico, San Juan Section seeking to vacate the arbitration award issued in favor of ADS on February 17, 2005, by a panel of three arbiters.

C&A seeks to vacate the arbitration award pursuant to P.R. Laws Ann. tit. 32, § 3222(a), (b) and (c) and under the jurisprudence of Puerto Rico, specifically Rivera v. Samaritano & Co., 108 D.P.R. 604 (1979), 8 P.R. Offic. Trans. 640 (1979). C&A alleges that: (i) there was a lack of impartiality on the part of one of the arbiters; (ii) the arbiters mistakenly applied the legal doctrine of "functional ruin," as interpreted by the Supreme Court of Puerto Rico; (iii) the arbiters erred in finding that ADS satisfied the burden of proof regarding its breach of contract; (iv) the arbiters failed to apply the law concerning the ADS non-compliance with the contract and the clean hands doctrine; (v) the arbiters failed to apply the applicable definition of a construction contract as defined by the Supreme Court of Puerto Rico; (vi) the arbiters required parties to produce a joint settlement, which was not included; (vii) the arbiters made a mistake by declaring some change orders null and void and by finding that C&A over-billed ADS; and (viii) the arbiters erred in calculating the amount of damages. C&A requests that this Court

3

allow the removed action to proceed in the bankruptcy court and provide such relief as may be just and proper.

C&A maintains that removal is proper and abstention is not warranted, arguing that all civil actions arising under Title 11 can be removed. In addition, C&A denies forum shopping because it asserts that it is entitled to remove the case.

C&A contends that mandatory abstention is not applicable to the present adversary case because the action to vacate the award is a core proceeding because it arises under 28 U.S.C. 157(b)(2)(E), which relates to turn over of property, stating that ADS owes C&A $2,589,239.52. C&A maintains that although the case arises under Puerto Rico law, this does not render the proceeding non-core. It argues that the action to vacate award is not based solely on local law, as the Federal Arbitration Act and its federal precedents apply. C&A requests that the Court exercise its full powers of judicial review in the determination of whether the arbitration process was flawed.

Likewise, C&A contends that permissive abstention is not warranted. C&A asserts that with respect to the relatedness of the proceeding to the main bankruptcy case, the relief sought in the adversary proceeding is critical to its ability to formulate a viable plan of reorganization, and that without the reversal or modification of the award, C&A will not be able to comply with the requirements of Chapter 11 of the Bankruptcy Code. C&A maintains

that the Court should not abstain on equitable grounds based on the misconception that the motion to vacate the award is an extension of the underlying arbitration. Thus, C&A requests that the Court deny the motion by ADS to remand and/or abstain.

B. ADS

ADS argues that all the issues raised in the complaint arise under local law and that no federal authority has been implicated in either of the two cases (the one for the confirmation of the award and the other to vacate the award). ADS maintains that because the local court proceeding is non-core, and it does not arise under Title 11, the Court should abstain.

ADS asserts that abstention is mandatory pursuant to 28 U.S.C. 1134(c)(2), contending that although pre-petition actions are part of the estate once the petition has been filed, courts must abstain from hearing related cases where actions are commenced in local court and can be resolved there. It argues that the factors for mandatory abstention are met because the state proceeding is a "related to case under title 11 but not, arising under title 11", the local court proceeding could not have been commenced in federal court and the local court proceeding is already pending and it can be promptly adjudicated. ADS asserts, in the alterative, that permissive abstention is warranted. It further maintains that remand is proper on equitable grounds when the suit involves a

question of local law and the proceedings in local court are in an advanced stage.

ADS asserts that it has already filed a motion to modify the automatic stay in the legal case requesting that the Court permit the local court to enter judgment confirming the award. Therefore, ADS requests that the Court remand the present adversary proceeding to the Superior Court of Puerto Rico, San Juan Section.

III. <u>DISCUSSION</u>

A. Jurisdiction

The United States Code provide that "the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). In deciding whether to allow a removed action to proceed, the bankruptcy court must first decide if it has subject matter jurisdiction over the proceeding. <u>In re Santa Clara County Child Care Consortium</u>, 223 B.R. 40, 44 (B.A.P. 1st Cir. 1998). In doing so, the court must decide whether the removed action is one arising under, arising in or related to title 11. <u>Id</u>. at 44.

The "arising under" and "related to" concepts have been extensively discussed by the courts. "Arising under" proceedings are "those cases in which the cause of action is created by title 11." <u>In re Middlesex Power Equipment & Marine Inc.</u>, 292 F.3d 61, 68

(1st Cir. 2002). As opposed to "related to," which the First Circuit Court of Appeals defines as those cases that:

> 'potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate.'

Id. at 68 (quoting In re G.S.F. Corp., 938 F.2d 1467, 1475 (1st Cir. 1991)).

In the present case, the Court concludes that this adversary proceeding affects the bankruptcy estate and thus has been properly removed, granting this Court subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b), which grants the Court jurisdiction over all civil proceedings arising under title 11, or arising in or related to cases under Title 11.

B. Core and Non-core Proceedings

The Judicial Code differentiates between core and non-core proceedings. The Judicial Code includes a non-exhaustive list of core proceedings. See 28 U.S.C. § 157(b)(2). Actions "arising under" title 11 are referred to as "core" proceedings and are specifically referenced in 28 U.S.C. § 157(b)(2) and "related to" actions are "non-core" proceedings. Mec Steel Bldgs., Inc. v. San Lorenzo Construction, 136 B.R. 606, 609 (Bankr. D.P.R. 1992). See also In re Evarts, 2006 WL 696136 (Bankr. D.N.H. 2006). With respect to non-core proceedings, the determination shall not be

made solely on the basis that its resolution may be affected by local law. 28 U.S.C. § 157(b)(3).

The Supreme Court of the United States decided upon the power of bankruptcy judges to decide core and non-core proceedings in the seminal case of Northern Pipeline Constr. Co. v. Marathon Pipeline Co., 458 U.S. 50 (1982). This case involved an adversary proceeding brought by a debtor-in-possession seeking damages for an alleged pre-petition breach of contract. The Supreme Court held that the proceeding could not be finally adjudicated by the bankruptcy court. The Court explained that while the restructuring of debtor-creditor relationships is at the core of the federal bankruptcy power, the adjudication of state-created private rights is not. Id. at 71.

The First Circuit defines non-core proceedings as "claims 'concerned only with state law issues that did not arise in the core bankruptcy function of adjudicating debtor-creditor rights,'" referring to them as "Marathon-type suits."  Arnold Print Works v. Apkin (In re Arnold Print Works), 815 F.2d 165, 167 (1st Cir. 1987)(quoting 130 Cong. Rec. H1848 (daily ed. March 21, 1984)(statement of Representative Kindness)).  The court ruled that bankruptcy courts were empowered to finally determine suits filed by an estate representative to collect debts arising after the commencement of the bankruptcy case, but not empowered to finally determine suits relating to debts arising before commencement of

8

the case. In re Arnold Print Works, 815 F.2d at 168. While the former was deemed to be core, the latter was deemed non-core. Id. The court based its decision on Marathon stating that: "[n]on-core proceedings, those that the statute calls 'related to' bankruptcy cases, concern aspects of the bankruptcy case that Marathon barred non-Article III judges from determining on their own." Id. at 167.

In another case, in which a bankruptcy court had to determine if a pre-petition action was deemed a core or non-core proceeding, the court held that: "[i]f an action survive[s] outside of bankruptcy, and in the absence of bankruptcy would have been initiated in a state or district court, then it clearly involves non-core matter." Mec Steel Bldgs., Inc. v. San Lorenzo Construction, 136 B.R. at 609.

Mec Steel involved a claim by the debtor for the collection of accounts receivable. The debtor argued that this involved administration of the estate and the turning over of the property of the estate, both core proceedings under 28 U.S.C § 157(b)(2). The court in Mec Steel concluded that:

> [a]ctions initiated in the bankruptcy court to collect pre-petition account receivables are clearly non-core matters and should not be considered as matters affecting the administration of the estate or actions for the turnover of property of the estate in order to categorize them as core.

Mec Steel Bldgs., 136 B.R. at 609.

Likewise, actions based on pre-petition breach of contract are

also non-core. See Matter of Candelero San & Gravel, Inc., 66 B.R. 903, 906 (D.P.R. 1986)(holding that action involving pre-petition contract, allegedly breached both before and after the filing of the petition, is entirely non-core matter related to a case arising under Title 11).

Finally, the District Court of Puerto Rico in Goya Foods v. Unanue-Casal (In re Unanue-Casal), stated:

> [t]he contract validity question is not core to the bankruptcy proceeding. Even where the action "will drastically affect both the debtor-creditor relationship and the assets of the [e]state" it cannot be deemed a core proceeding if it arises prior to the bankruptcy filing and involves a right independent of and antecedent to the bankruptcy filing.

Goya Foods v. Unanue-Casal (In re Unanue-Casal), 164 B.R. 216, 221 (D.P.R. 1993). See also Matter of Candelero San & Gravel, Inc., 66 B.R. 903, 906 (D.P.R. 1986).

The present adversary proceeding relates to a pre-petition action for breach of contract that commenced outside the bankruptcy court. Although this Court concludes that it has jurisdiction pursuant to 28 U.S.C. § 1334(b), it is "related to" jurisdiction because although this proceeding may have some effect on the bankruptcy estate it clearly does not arise in or under Title 11. C&A's action survives outside of bankruptcy and in the absence of bankruptcy, would have been resolved in local court. The action to vacate the arbitration award relates to a pre-petition claim

10

arising under local law, which is deemed non-core under cited case law and specifically pursuant to the Supreme Court's decision in Marathon, *supra*. Cases where courts find that there is "related to" jurisdiction are deemed non-core. Therefore, this Court concludes that this is a non-core proceeding.

C. Abstention

ADS has requested that the Court either abstain from considering this adversary proceeding or that the Court remand the case to the Superior Court of Puerto Rico, San Juan Section. In a decision by the Ninth Circuit Court of Appeals, the court explained when a court should use abstention analysis and when a court should use remand analysis. See Security Farms v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers (In re Teamsters, Chauffeur, Warehousemen & Helpers Union Local 890), 124 F.3d 999 (9th Cir. 1997). In Security Farms, one of the parties removed a state court action to federal district court pursuant to 28 U.S.C. § 1452(a) and a motion for abstention was filed in the federal court. The district court denied the motion to abstain. On appeal, the Ninth Circuit concluded that because the case were removed from state court to federal court, the abstention provisions were inapplicable. Id. at 1009. The court stated:

> [a]bstention can exist only where there is a parallel proceeding in state court. That is, inherent in the concept of abstention is the presence of a pendent state action in favor of which the federal court must, or may, abstain. See, e.g., In re S.G. Phillips Constrs., Inc.,

11

45 F.3d 702, 708 (2nd Cir. 1995)(including as a requirement for mandatory abstention the presence of a previously commenced state action); In re Tucson Estates, 912 F.2d 1162, 1167 (9th Cir. 1990)(recognizing as a factor for permissive abstention the presence of a related proceeding commenced in state court or other nonbankruptcy court).

To require a pendent state action as a condition of abstention eliminates any confusion with 28 U.S.C. § 1452(B), which provides district courts with the authority to remand civil actions properly removed to federal court, in situations where there is no parallel proceeding. Section 1334(c) abstention should be read in *pari materia* with section 1452(b) remand, so that the former applies only in those cases in which there is a related proceeding that either permits abstention in the interest of comity, section 1334(c)(1), or that, by legislative mandate, requires it, section 1334(c)(2).

Id. at 1009. The court goes on to conclude that when an action is removed from state court to federal court, the state proceeding is extinguished and no related proceeding exists in state court as of that time. Id. at 1010. The court quoted the bankruptcy court for the Southern District of Texas which stated: "[i]f [the] Court were to abstain, nothing would happen because there is only one lawsuit. What movant really seeks is remand ... back to state court." Id. at 1010 n.10 (citing In re Duval County Ranch Co., 167 B.R. 848, 849 (Bankr. S.D.Tex. 1994)).

In the case before us, the abstention provisions are not applicable. C&A removed this action from the local court to the bankruptcy court. Thus, the local court proceeding was extinguished

12

and if the court abstained, nothing would happen. ADS is therefore seeking to remand the proceeding to the local court. Nonetheless, as the Court will explain below, the factors pertinent to a decision to abstain serve to determine whether equitable grounds for remand exist. See In re AK Services, Inc., 159 B.R. 76, 83 (Bankr. D.Mass. 1993) and cases cited therein.

D. Remand

Section 1452(b) of title 28 permits the court to which a claim or cause of action has been removed to remand the claim or cause of action on any equitable ground. 28 U.S.C. § 1452(b). The following equitable grounds for remand have been identified:

> (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) the existence of a right to a jury trial; and (7) prejudice to the party involuntarily removed from state court.

In re Santa Clara County Child Care Consortium, 223 B.R. at 44. See also In re Evarts, 2006 WL at 696136.

The present adversary proceeding involves a removed action to vacate an arbitration award that arose from a breach of contract between C&A and ADS. C&A requests that the Court vacate the arbitration award. ADS requests that the Court remand it to the local court. As previously explained, this Court has "related to" jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

1334(b).

This Court finds that in the present case, there are numerous equitable grounds for remand. First, the action to vacate the arbitration award does not affect the administration of the bankruptcy estate. The breach of contract action is remotely related to the bankruptcy case. Moreover, all of the issues involve only local law. For comity reasons, this Court concludes that because this adversary case involves a post-arbitral proceeding, the local court should finally determine the outcome of the action under local law and enter judgment. And finally, ADS does not consent to the removal of the action.

Furthermore, although the abstention provisions are not directly applicable, courts consider them in deciding when to remand a case. The bankruptcy court in In re Interamericas Turkey Development Co., Inc., 94 B.R. 9 (D.P.R. 1988), held that:

> Pursuant to section 1334(c)(2), the "district court must abstain from hearing a purely state law claim where there is no other basis for federal jurisdiction other than its relatedness to a bankruptcy proceeding (including one where the debtor is a party) and where the claim can be timely adjudicated in a state court."

Id. at 13,(quoting Matter of Candelero San & Gravel, Inc., 66 B.R. at 906 and Sate Bank of Lombard v. Chart House, 46 B.R. 468, 472 (N.D.Ill. 1985)).

This Court concludes that mandatory abstention would apply if there were a parallel local court proceeding. The present adversary

case is one based on breach of contract, which is purely a matter of local law. It is a case "related to" Title 11, which is the only basis for federal jurisdiction. The action was commenced outside the bankruptcy court. Finally, the arbitration proceeding is over and what remains pending in the local court are post-arbitral proceedings that can be timely adjudicated by the local court. Thus, remand is warranted because the criteria for mandatory abstention are met.

ORDER

WHEREFORE IT IS ORDERED that ADS' Motion to Remand and/or Abstain (Docket #6) pursuant to 28 U.S.C. § 1452(b) is GRANTED. This action is hereby remanded to the Superior Court of Puerto Rico, San Juan Section.

SO ORDERED.

San Juan, Puerto Rico, this 29th day of June, 2006.

S/Gerardo A. Carlo-Altieri

_____

GERARDO A. CARLO-ALTIERI
Chief, U.S. Bankruptcy Judge